**MERRITT HAWKINS & ASSOCIATES, LLC, Plaintiff,**

v.

**Larry Scott GRESHAM and Billy Bowden, Defendants.**

No. 3:13–CV–00312–P.

United States District Court, N.D. Texas, Dallas Division.

Signed June 17, 2014.

---

Brian A. Colao, Christine A. Nowak, Zachary Quentin Hoard, Dykema Gossett PLLC, Amber T. Welock, Welock Law, P.C., Dallas, TX, for Plaintiff.

Jeffrey M. Tillotson, John D. Volney, Katherine Helen Bennett, Lynn Tillotson Pinker & Cox LLP, Dallas, TX, for Defendants.

### ORDER

JORGE A. SOLIS, District Judge.

Now before the Court is Plaintiff's Motion for Leave to File Amended Complaint ("Motion to Amend"), filed on February 24, 2014. Docs. 36–38. Defendants filed their Response on March 17, 2014. Doc. 41. Plaintiffs filed their Reply on March 31, 2014. Doc. 42. After reviewing the briefing, the evidence, and the applicable law, the Court GRANTS Plaintiffs' Motion to Amend.

### I. Background

On January 24, 2013, Plaintiff filed its Complaint, alleging violations of the Computer Fraud and Abuse Act, as well as other state law claims. Doc. 1. On February 21, 2013, Defendant Billy Bowden ("Bowden") moved to dismiss the suit pursuant to Rule 12(b)(1), arguing that the Court lacked supplemental jurisdiction over Plaintiff's state law claims. Doc. 8. On May 28, 2013, the Court denied Bowden's Motion to Dismiss, finding that the Court does have supplemental jurisdiction over Plaintiff's state law claims. Doc. 16. Plaintiff now seeks to amend its Complaint to add Consilium as a defendant to the suit. Docs. 36–38. Defendants oppose the amendment. Doc. 41.

### II. Motion to Amend

■ Under Rule 15(a), courts freely grant leave to amend when justice so requires. See Fed.R.Civ.P. 15(a)(2) (stating a court should freely grant leave to amend); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding leave to amend should be freely granted absent a showing of undue delay, bad faith, undue prejudice, or futility). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." Quintanilla v. Tex. Television, Inc., 139 F.3d 494, 499 (5th Cir. 1998). A court should consider factors such as: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir.2004) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir.2003)). Absent one of those factors, the Court should grant leave to amend. Id.

■ Defendants, in opposing leave to amend, first argue that the proposed amendment adding Consilium is futile because the Court lacks jurisdiction over Plaintiff's state law claims against Consilium, and, therefore, those claims could not withstand a motion to dismiss. Doc. 41 at 4–5. As noted in its Order entered on May 28, 2013 ("May 28 Order"), the Court's jurisdiction stems from Plaintiff's claim under the Computer Fraud and Abuse Act ("CFAA"). In the May 28 Order, the Court concluded that it has supplemental jurisdiction over Plaintiff's remaining state law claims. Doc. 16. While Defendants acknowledge the May 28 Order, they argue that the addition of state law claims against Consilium will cause the balance to shift causing the state law claims to "substantially predominate" over Plaintiff's CFAA claim. Doc. 41 at 4–5. They further argue that the claims against Consilium do not arise out of a common nucleus of operative fact. Doc. 41 at 4–5. The Court disagrees.

Adding claims against Consilium does not change the Court's analysis as expressed in the May 28 Order. While the added claims do arise under state law, the Court does not find that the addition of the claims against Consilium, which will require similar proof as the state law claims over which the Court has previously determined it has supplemental jurisdiction, changes the balance between the FCAA claim and the state law claims such that the exercise of jurisdiction is improper. See Doc. 16; see also Willis of Tex., Inc. v. Stevenson, No. H–09–cv–0404, 2009 WL 7809247, at *6–7 (S.D.Tex.2009). Additionally, the Court finds the claims against Consilium, which all stem from Consilium's recruitment of Gresham, sufficiently arise out of a common nucleus of operative fact. As noted in the May 28 Order, the CFAA requires intent to defraud, and solicitation of Gresham

may become central to establishing whether Gresham had the requisite intent. Doc. 16 at 4. Thus, the Court does not find that Plaintiff's amendment would be futile.

 Defendants also argue that Plaintiff unduly delayed in seeking to add claims against Consilium. Doc. 41 at 6–7. Plaintiff, however, avers that until it recently obtained discovery, it could not in good faith have brought the claims against Consilium. Doc. 42 at 5. Where, as here, Plaintiff sought to amend its Complaint within the deadline set out in the Scheduling Order and where it made its determination to bring claims against a new party based on discovery recently received, the Court finds that there was not undue delay such that leave to amend should be denied.

Finally, Defendants also argue that Consilium would be prejudiced by the deadlines set in the Scheduling Order in this case. Doc. 41 at 7. However, since the filing of Defendants' Response, the parties have agreed to extend both the discovery and expert designation deadlines. Docs. 49, 56. Also, to the extent that Consilium needs additional time, the Court would be amenable to hearing its need to extend any set deadlines.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend.

**IT IS SO ORDERED.**